**POSTAL FINANCE COMPANY, INC., Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

No. 50098.

Supreme Court of Oklahoma.

Dec. 13, 1977.

Rehearing Denied June 4, 1979.

Bryce A. Baggett, Oklahoma City, for appellant.

Stanley J. Alexander, Acting Gen. Counsel, Clyde E. Fosdyke, Oklahoma City, for appellee.

LAVENDER, Vice Chief Justice:

Postal Finance Company, Inc. (Postal Finance), is an Oklahoma corporation with its complete income derived from business within this state. As an affiliate and a properly includable corporation, a consolidated federal income tax return has been filed by the parent foreign corporation. Postal Finance's Oklahoma state income tax return has been filed as a separate corporation.

In 1973, Postal Finance had a net operating loss. That loss was reflected in the consolidated federal income tax return and in its separate corporate Oklahoma state income tax return. For that taxable year, this resulted in a reduced, but still due, tax on the consolidated federal return. Under the separately filed state return, no tax was due. This allowed a refund on the estimated tax previously paid by Postal Finance in that taxable year. After application of the loss to the 1973 state return, the remaining balance of the loss was sought to be applied as a loss carryback for the taxable years 1972 and 1971 through amended state returns. Postal Finance claimed refunds for these two taxable years. Tax Commission (Commission) refused, since there was no loss carryback available under the 1973 con-

solidated federal return. Postal Finance appeals this refusal of the refund.

Postal Finance argues no federal return filed by it with the definition of "Oklahoma taxable income" [1] allowing a "pro forma" separate corporation federal tax return to be used for 1973, 1972, and 1971 so as to reflect a loss carryback as a deduction, and resulting refund, for taxable years 1971 and 1972. Commission says *Getty Oil Co. v. Oklahoma Tax Com'n*, Okl., 563 P.2d 627 (1977) controls, and with the federal consolidated 1973 corporate return showing no loss available for a carryback credit, then no loss carryback is allowable for the 1971 and 1972 separate corporation state income tax returns.

We have difficulty with Postal Finance's thrust argument there is no federal return to satisfy the definition of "Oklahoma taxable income." The nature of a federal consolidated corporate return must be examined. Such a return is an income tax return which reports the income and deductions of a parent corporation and its subsidiaries. "Although the word 'consolidated' might be considered as implying that each item of income and deduction for all the corporations included in the return is computed on a combined basis, nevertheless, as

the principles governing consolidated returns have developed, this concept has been rejected. Instead, for most items there are separate computations for each corporate entity, *the taxable incomes so computed then being combined* to arrive at consolidated taxable income. (Emphasis added.)" [2] Each subsidiary, a member of the affiliated group, along with the parent corporation, is severally liable for the tax.[3] Other than for consent, the parent corporation becomes the sole agent for a member of the affiliated group.[4]

Here, the consolidated return filed by Postal Finance's parent was made as Postal Finance's agent with Postal Finance severally liable for the calculated tax. Such a return shows separate computations for the includable corporations, the taxable incomes so computed then being combined to arrive at consolidated taxable income. The "Oklahoma taxable income" of the includable corporation, Postal Finance, was separately reported to the federal government in the consolidated return. The parenthetical phrase in the statutory definition of "Oklahoma taxable income," (or as would have been reported by the taxpayer had a return been filed), does not come into play. The

---

**1.** 68 O.S.1971, § 2353(12) provides:

    " 'Oklahoma taxable income' means 'taxable income' as reported (or as would have been reported by the taxpayer had a return been filed) to the federal government, and in the event of adjustments thereto by the federal government as finally ascertained under the Internal Revenue Code, adjusted further as hereinafter provided; \* \* \*."

**2.** Vol. 8A of Federal Income Taxation, Mertens, § 46.01.

**3.** See n. 2, supra, § 46.34. Liability for Tax. "Reg. § 1.1502–15A.[54] "Liability for Tax—(a) *Several liability of members of affiliated group.* [54.1] \* \* \* the common parent corporation and each subsidiary, a member of the affiliated group during any part of a consolidated return period, shall be severally liable for the tax.[56] \* \* \*

    "[54] Reg. § 1.1502–15 was redesignated as Reg. § 1.1502–15A by TD 6894, CB 1966–2, p. 362.

    "[54.1] This was an important change made by the 1928 and subsequent acts and the regulations promulgated pursuant thereto. From an administrative point of view the

opposite theory of separate liability for members of the group for an allocated part of the total tax had been productive of a labyrinth of technicalities.

    "(Footnote 56 omitted)."

**4.** see n.2, supra, § 46.35. Common Parent Corporation Agent for Subsidiaries.

    "Reg. § 1.1502–16A.[60] "Common Parent Corporation Agent for Subsidiaries.—(a) *Scope of agency of common parent corporation.*— \* \* \*, the common parent corporation shall be for all purposes (other than the making of the subsidiary consent required by paragraph (b) of § 1.1502–12A) [60.1] in respect of the tax for the taxable year for which a consolidated return is made or is required, *the sole agent,* duly authorized to act in its own name *in all matters relating to such tax, for each corporation* which during any part of such year was a member of the affiliated group. \* \* \* (Emphasis added.)

    "[60] Reg. § 1.1502–16 was redesignated as Reg. § 1.1502–16A by TD 6894, CB 1966–1, p 362.

    "(Footnote 60.1 omitted)."

concept of the necessity for a "pro forma" federal return for the separate corporation, Postal Finance, is rejected.

*Getty Oil Co., supra,* recognized a loss carryover, or as here, a loss carryback, comes only through the definition of "Oklahoma taxable income."[5] There, as here, the federal taxable income did not reflect any deduction for carryover, or as here, carryback, losses. The limitation of any loss carryover, or carryback, as required by 68 O.S.1971, § 2358(A)(3)(d) is not material, for (1) there was no loss carryback for the limitation to act upon, and (2) Postal Finance had only Oklahoma income. The rationale of *Getty* is not destroyed so as not to be applicable here because of the consolidated return or there being only Oklahoma income. We said in *Getty*, "If the Legislature had intended to allow a carryover deduction in other situations, it could have provided for such an adjustment. It did not do so."

By an earlier order without prejudice, we refused to strike portions of the filed transcript so as to limit the consideration to the formally prepared stipulation of facts. We find the concern of Postal Finance as to the record to be considered by this court in this appeal as not determinative of this appeal, nor prejudicial to Postal Finance.

Affirmed.

All of the Justices concur.

---

**5.** *Getty Oil Co., supra,* p. 631:

"Prior to the 1971 act, Oklahoma allowed no carryover loss deductions. By incorporating 'federal taxable income' into its new tax code, Oklahoma now permits carryover loss deductions if such deductions are reflected in the amount shown on the federal return as taxable income applying however the limitation of 68 O.S.1971 § 2358(A)(3)(d)."